## No. 18,002.

Nell S. Coxwell, etc. *v.* Liane Forster, as Executrix of the Estate of Alexius M. Forster, et al.
(314 P. [2d] 302)

Decided August 12, 1957.

Messrs. Aman & Enoch, Mr. C. Lee Goodbar, Jr., Mr. Hamlin Smithdeal, for plaintiff in error.

Mr. H. T. McGarry, Mr. Donald E. La Mora, for defendants in error.

*En Banc.*

Mr. Chief Justice Moore delivered. the opinion of the Court.

The parties are here as they appeared below. Plaintiff in error, Nell S. Coxwell, also known as Nell S. Coxwell Trachta, will be referred to as plaintiff; defendant in error, Liane Forster as executrix of the estate of Alexius M. Forster, deceased, will be referred to as defendant; The Columbia Savings and Loan Association will be referred to as the Association; and Alexius M. Forster, deceased, as the deceased.

Plaintiff, on April 18, 1955, filed her complaint alleging that deceased, on or about March 7, 1954, delivered to Mrs. Peggy Colvin a pass book of the Association showing a deposit of $4,000.00, with oral directions to her of such a nature as to amount to a gift inter vivos to the plaintiff. Plaintiff prayed that the pass book be delivered to her and the account credited to her. The Association interpleaded, disclaimed any interest, and awaited the determination of the court.

Defendant answered denying a gift inter vivos or otherwise, and pleaded estoppel in that she had been given no knowledge of such claim until March 29, 1955, to her detriment.

Trial was to a jury. At the conclusion of plaintiff's case the trial court granted defendant's motion to dismiss, and entered judgment for defendant. To review the judgment plaintiff is here on writ of error. The only substantial question is whether there was prima facie evidence sufficient to establish a gift inter vivos.

Upon the trial plaintiff was disqualified under the so-called "dead man's statute" from testifying in her own behalf. No objection is made to the propriety of this exclusion. Plaintiff's major witness was Mrs. Peggy Colvin who testified that a couple of days before deceased was stricken he asked her to go with him to the Association to draw out the money to send to plaintiff; that she could not go with him that day because of her

daughter's illness and told him that she didn't know just when she could go; he thereupon handed her the pass book directing that she keep it in her possession until she could go with him because "he wanted to go down and send it to her" (plaintiff); that she took the pass book and put it in her purse and kept it until after Dr. Forster's death; that she never went to the Association to withdraw the money although after Dr. Forster was hospitalized on several occasions "he wanted to know if I wouldn't go down and get it then myself and send it right to her while he was alive, he wanted to get it to her"; that she informed him that she could not get the money without him; that she saw him about every day after he was taken to the hospital where he remained "about two weeks" before he died.

On cross-examination Mrs. Colvin testified that after deceased first requested her to go with him to the Association to withdraw the money, and before he was taken to the hospital, she drove him in Colorado Springs on two occasions and was within twenty-five or fifty feet of the Association's offices where she picked him up to take him back to his room in her apartment house where he lived; that on these two occasions his health was "perfect"; that on one occasion after he had been hospitalized and when he had asked about the money she suggested that he wait until he returned home because he was then getting better. After the death of deceased the pass book was delivered to an attorney along with other items of personal property.

For reversal of the judgment it is contended that plaintiff had made a prima facie case by the showing that deceased had intended to make a gift to her and "had delivered the symbol of the gift" to a third person for the benefit of plaintiff; and that the court erred in excluding testimony pertaining to conversations with the deceased which were had prior to 1941 and in excluding a letter written by the deceased in December of 1956. ■ The trial court in granting the motion to dismiss

commented; "I feel in this instance that the intention was to give money; that he held control of the account until the money could be withdrawn and given to Mrs. Coxwell." The evidence does not disclose any words from which a gift inter vivos could be inferred. Deceased did not give instructions to send or deliver the pass book to plaintiff; on the contrary he consistently evidenced an intention to draw out the money himself and cause it to be forwarded to plaintiff. Opportunities were afforded to withdraw the money before his hospitalization, and thereafter the Association was not contacted by him at any time concerning the account and action was postponed upon the assumption that he would soon be home and could then attend to the business.

The requirements for a valid gift inter vivos are that there be a clear and unmistakable intent on the part of the donor to make the gift; that the gift go into immediate and present effect and be fully executed; that the intent be consummated by an actual, constructive or symbolical delivery of the subject matter of the gift by the donor or by someone in his behalf, to the donee or to someone in behalf of such donee; that the delivery be accompanied by the surrender of all dominion or control over the gift by the donor; and that there be an acceptance by the donee, although this is usually presumed. *Johnson v. Hilliard,* 113 Colo. 548, 160 P. (2d) 386; *Falbo v. U. S. National Bank,* 116 Colo. 508, 181 P. (2d) 1020, and cases cited. The trial court did not err in holding that the evidence offered by plaintiff was insufficient to make a prima facie case.

The foregoing is decisive of the issues in this case and makes it unnecessary to give consideration to the question of whether Mrs. Colvin was acting as the agent of the deceased or as trustee for plaintiff.

The evidence which was excluded by the trial court, even if admitted, could not possibly strengthen the position of plaintiff, and the action of the court in sustaining

objections to its acceptance requires no further comment. The judgment is affirmed.

MR. JUSTICE SUTTON not participating.